1
2
3
4
5
6
7

8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   GUY ORLANDO WILLIAMSON,              Case No.: 3:19-cv-1178-AJB-KSC
     CDCR #BG-9879,
12                                        **ORDER:**
                              Plaintiff,
13                                        **1) GRANTING MOTION TO
14              vs.                       PROCEED IN FORMA PAUPERIS
                                          [ECF No. 2]**
15
     CALIFORNIA DEP'T OF                  **AND**
16   CORRECTIONS AND
17   REHABILITIATION; BRIONES,            **2) DISMISSING COMPLAINT FOR
     Correctional Officer,                FAILING TO STATE A CLAIM AND
18                                         FOR SEEKING MONETARY
                              Defendants.  DAMAGES AGAINST IMMUNE
19                                         DEFENDANTS PURSUANT TO 28
20                                         U.S.C. § 1915(e)(2) AND § 1915A(b)**
21
22

23        Plaintiff, Guy Orlando Williamson, a state inmate currently housed at the Richard

24   J. Donovan Correctional Facility ("RJD") located in San Diego, California has filed a

25   civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983.  (ECF No. 1)  In

26   addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28

27   U.S.C. § 1915(a). (ECF No. 2.)

28   / / /

## I.     Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 3 at 2-3; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff had an available balance of $0.00 at the time of filing. Therefore, the Court will not assess Plaintiff an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court grants Plaintiff leave to proceed IFP, declines to "exact" the an initial partial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary for the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

1     "The standard for determining whether a plaintiff has failed to state a claim upon

2 which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

3 Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

4 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

5 Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

6 applied in the context of failure to state a claim under Federal Rule of Civil Procedure

7 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,

8 accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,*

9 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

10     Detailed factual allegations are not required, but "[t]hreadbare recitals of the

11 elements of a cause of action, supported by mere conclusory statements, do not suffice."

12 *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

13 relief [is] . . . a context-specific task that requires the reviewing court to draw on its

14 judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

15 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

16 this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

17 (9th Cir. 2009).

18    **A.    42 U.S.C. § 1983**

19     Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

20 privileges, or immunities secured by the Constitution and laws" of the United States.

21 *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must

22 allege two essential elements: (1) that a right secured by the Constitution or laws of the

23 United States was violated, and (2) that the alleged violation was committed by a person

24 acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of*

25 *Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

26 / / /

27 / / /

28 / / /

## B.    Plaintiff's Factual Allegations

Plaintiff alleges that the "had asked C/O Briones for a spoon" when he "first arrived" at RJD.  (Compl. at 3.)  Briones told Plaintiff that he would get him a spoon "within a few days." (*Id.*)  However, Plaintiff did not receive the spoon and claims that it "resulted into [Plaintiff] committing suicide and going to the crisis bed because of this." (*Id.*)

## C.    Inadequate Mental Health Care claim

Plaintiff's allegations are brief and lack sufficient factual allegations to support any claim.  Plaintiff alleges "cruel and unusual punishment" but it is not clear how the failure to provide a spoon led to his suicide attempts.  Based on the few facts provided, the Court liberally construes Plaintiff's claim as an allegation that he was denied adequate mental health care.

In order to allege a violation of the Eighth Amendment for inadequate medical or mental health care, Plaintiff must satisfy both an objective and a subjective standard. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).  "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff must plead the existence of an objectively serious medical or mental health need. *McGuckin*, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")  Here, Plaintiff's Complaint does

not adequately address the nature of Plaintiff's mental health care needs. However, even if the Court found that Plaintiff's pleadings provided sufficient allegations of a serious mental health care need, it is clear that the Complaint fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Gamble*, 429 U.S. at 104.

Plaintiff does not set forth any specific allegations, other than the failure to provide a spoon, that Briones acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Therefore, the Court must dismiss Plaintiff's inadequate mental health care needs claims for failing to state a claim upon which relief may be granted.

**D.     Eleventh Amendment**

Plaintiff also names the "California Department of Corrections and Rehabilitation" as a Defendant. (Compl. at 1.) The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (internal citations omitted). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. California Dep't of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent. [...] We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

1    Accordingly, the dismisses the CDCR as a party to this action sua sponte pursuant
2  to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as barred by the Eleventh Amendment.

3  **III.    Conclusion and Order**

4        Based on the foregoing, the Court:

5        1)    **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

6        2)    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from
7  Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing
8  monthly payments from his account in an amount equal to twenty percent (20%) of the
9  preceding month's income and forwarding those payments to the Clerk of the Court each
10  time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL
11  PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
12  ASSIGNED TO THIS ACTION;

13        3)    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph
14  Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

15        4)    **DISMISSES** Plaintiff's Complaint (ECF No. 1) sua sponte for failing to
16  state a claim upon which relief may be granted and for seeking monetary damages against
17  immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

18        5)    **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in
19  which to file an Amended Complaint which cures the deficiencies of pleading noted.
20  Plaintiff's Amended Complaint must be complete by itself without reference to his
21  original pleading. Defendants not named and any claim not re-alleged in his Amended
22  Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios,*
23  *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended
24  pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.
25  2012) (noting that claims dismissed with leave to amend which are not re-alleged in an
26  amended pleading may be "considered waived if not repled.").

27  / / /
28  / / /

1     The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy

2  of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and

3  to assist him in complying with LR 8.2.a's requirements.

4          **IT IS SO ORDERED**.

5

6  Dated:  July 15, 2019

7                                                   Hon. Anthony J. Battaglia

8                                                   United States District Judge